LUNGER *v.* THE STATE on the relation of HATHAWAY.

APPEAL from the *Fountain* Court of Common Pleas.

Wednesday,
June 15.

*Per Curiam.*—This was a petition by *Nimrod Hathaway* for the removal of *Harris Lunger,* as guardian of *Huldah Hathaway,* an infant. The petition was filed *May* 9, 1855, and the clerk of the Common Pleas on that day issued a notice, directed to the sheriff, commanding him to notify the defendant, *Lunger,* to appear before the judge of said Court on the 16th of *May,* in the same year, at the Courthouse in *Covington,* at one o'clock, P. M., to answer the petition, &c. On that day, it being a day in vacation, and not in term of the Court, the parties appeared before the judge; and before entering upon the trial, the defendant moved to dismiss the petition, on the ground that the judge had no authority to hear and determine the cause in vacation; but his motion was overruled; and the judge, having heard the evidence touching the matters alleged in the petition, adjudged that defendant's letters of guardianship be revoked, &c.

May Term, 1859.

The general rule certainly is, that a judge has no power to proceed in the trial of a cause unless in term time. There are exceptions to this rule; but they do not apply to the case before us. A judge of the Common Pleas has, no doubt, the power to revoke letters of guardianship, for certain causes pointed out in the statute. 2 R. S. p. 325, § 11. But this he is authorized to do only while sitting as a Court at a regular term. The proceedings in this case having occurred in vacation, and not in term time, must be held inoperative.

The order revoking the letters, &c., is reversed with costs. Cause remanded, &c.

*J. Ristine*, for the appellant.